# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DION DARYL WHEELWRIGHT, | 1:13-cv-00078-BAM (PC) |
| Plaintiff, | ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM |
| v. | |
| CALIFORNIA STATE DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**I.     Screening Requirement and Standard**

Plaintiff Dion Daryl Wheelwright ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 18, 2014, the Court dismissed Plaintiff's complaint with leave to amend. Plaintiff's amended complaint, filed on May 19, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff is currently housed at the Correctional Training Facility in Soledad, California. The events alleged in the complaint occurred while Plaintiff was housed at Avenal State Prison. Plaintiff names (1) Warden James Hartley; (2) L.D. Zamora: (3) Dr. M. Boparai; (4) Dr. Robert Chapnick; (5) N. Lopez; (6) Dr. Emmanual Conanan; (7) P.A. N. Seigrist; and (8) P.A. Barry Green.

Plaintiff alleges as follows: On January 20, 2012, Plaintiff was seen by Physician Assistant Barry Green. During the examination, Defendant Green shoved Plaintiff's left leg to his chest, which was past the physical limitation of Plaintiff. When Plaintiff protested, Defendant Green said he could not and did not believe it hurt Plaintiff. Defendant Green told Plaintiff that he did not feel Plaintiff was hurt and that he would be stopping Plaintiff's medication, a non-narcotic for nerve damage. Defendant Green stated that he did not see anything in Plaintiff's health care files that suggested Plaintiff was ever hurt. Plaintiff

2

1   questioned Defendant Green and said he would be filing a health care appeal.  Defendant Green
2   then stated that he would take Plaintiff's cane as well.  Plaintiff's cane was taken at a later date in
3   retaliation for his complaints to other medical staff and correctional officers.
4            Plaintiff filed a 602 appeal complaining of chronic pain and the stopping of his pain
5   medication.  Plaintiff was seen by Defendant N. Seigrist on February 16, 2012.  Defendant
6   Seigrist, a Physician's Assistant, documented that she found no indication for giving Plaintiff his
7   medication or cane.  Plaintiff alleges that this was an act of retaliation against Plaintiff for not
8   being able to perform the movement requested and in support of Defendant Green's actions.
9   Defendant Seigrist became upset because Plaintiff told her that he was in a great deal of pain and
10  could not comply.  At that point, Defendant Seigrist ended the exam and informed Plaintiff that
11  he would be receiving her response.
12          Defendant Dr. Robert Chapnick denied Plaintiff's appeal on February 16, 2012.  Plaintiff
13  claims that Defendant Chapnick failed to formally review the appeal properly, leaving Plaintiff
14  to suffer chronic pain.  Plaintiff alleges that Defendant Chapnick did not exercise his supervisory
15  responsibility to prevent Defendant Green from retaliating against Plaintiff.  Plaintiff also alleges
16  that Defendant Chapnick failed to review Plaintiff's medical records and learn that he had severe
17  chronic back pain.  Plaintiff further alleges that Defendant Chapnick failed to properly train
18  Defendant Green.
19          Plaintiff was seen by his primary care physician, Defendant Dr. Conanan, at the second
20  level of review, on March 9, 2012.  Before Plaintiff took a seat, Defendant Conanan asked if
21  Plaintiff wanted his medication or cane back.  Plaintiff said, "Yes."  Defendant Conanan
22  informed Plaintiff that he would not consider giving him back either the medication or cane.
23  Defendant Conanan ended the exam.
24          At the second level, Defendant Chapnick reviewed Plaintiff's appeal on March 16, 2012.
25  Plaintiff claims that Defendant Chapnick failed to formally and completely review his appeal.
26  Plaintiff claims that Defendant Chapnick failed to properly supervise and train Defendants
27  Green, Seigrist and Conanan and failed to properly review Plaintiff's medical records.
28

Plaintiff's appeal was reviewed at the third level by Defendant Zamora, Chief of the California Health Care Services, Office of Third Level of Appeals-Health Care, on July 26, 2012.  Defendant Zamora knew or should have known that Plaintiff was suffering from severe, chronic back and neck pains when reviewing Plaintiff's medical files.  Defendant Zamora failed to exercise supervisory responsibility to prevent Defendant Green from retaliating against Plaintiff.  Plaintiff also alleges that Defendant Zamora failed to properly review and/or train Defendants Green, Seigrist and Conanan.

Defendant N. Lopez was responsible for reviewing appeals at Avenal State Prison.  Defendant Lopez failed to exercise his supervisory responsibility and prevent Defendant from wrongfully diagnosing Plaintiff or retaliating against him.  Defendant Lopez rejected several of Plaintiff's appeals without researching the issues in the appeals, which caused Plaintiff to suffer severe, chronic back and neck pain.  Defendant Lopez denied Plaintiff the opportunity to be heard before his appeals were denied.

Plaintiff asserts causes of action for violation of the Eighth Amendment against Defendants Hartley, Zamora, Boparai, Chapnick Conanan, Seigrist and Green.  Plaintiff seeks compensatory and punitive damages, along with declaratory relief.

### III.   Discussion

**A.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits

to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Despite being informed of the linkage requirement, Plaintiff has failed to link Defendant Boparai to any factual allegations. As discussed below, further leave to amend is not warranted.

**B. Supervisory Liability**

To the extent Plaintiff seeks to hold Defendants Hartley, Chapnick and Zamora (or any other defendant) liable based upon their supervisory positions, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff was previously advised that he could not pursue claims against defendants based on a theory of supervisory liability. Plaintiff has failed to allege that Defendants Hartley, Chapnick and Zamora violated his constitutional rights.

**C. Appeals**

To the extent Plaintiff has forwarded a due process claim based on Defendant Lopez's rejection of his appeals, Plaintiff may not pursue such a claim. Plaintiff also may not pursue claims against Defendants Zamora and Chapnick based on their review of his appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir.2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir.1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993).

**D. Eighth Amendment - Deliberate Indifference to Serious Medical Needs**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show "deliberate indifference to serious medical needs."" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir.2012).

Deliberate indifference is shown where the official is aware of a serious medical need and fails to adequately respond. Simmons, 609 F.3d at 1018. "Deliberate indifference is a high legal standard." Id. at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). The prison official must be aware of facts from which he could make an inference that "a substantial risk of serious harm exists" and he must make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Defendant Green

Plaintiff alleges that Defendant Green did not feel that Plaintiff was hurt. Defendant Green therefore stopped Plaintiff's medication and indicated that he would take Plaintiff's cane. Plaintiff's cane was taken at a later date. At best, Plaintiff's allegations against Defendant Green amount to a difference of opinion between a healthcare professional and a prisoner, which does not rise to the level of deliberate indifference. Toguchi, 391 F.3d at 1058. Indeed, Plaintiff alleges that Defendant Green wrongfully diagnosed him. Negligence in diagnosing or treating a medical condition does not amount to deliberate indifference. Id. at 1057-58, 1060.

Defendants Seigrist

Plaintiff alleges that Defendant Seigrist found no indication that Plaintiff required medication or a cane. Plaintiff alleges that this was an act of retaliation. According to exhibits attached to the amended complaint, Defendant Seigrist (Siegrist) examined Plaintiff on February 16, 2012. Based on a review of Plaintiff's medical records and an examination, Defendant

Seigrist concluded that Plaintiff could bend freely without hesitation, straining or wincing and his documented low back pain was inconsistent with physical examination findings. As a result, Defendant Seigrist concluded that the cane and medication were not medically necessary. (ECF No. 18, p. 35.) As with his allegations against Defendant Green, Plaintiff has alleged a disagreement with Defendant Siegrist regarding the need for a cane and medication. This does not state a cognizable Eighth Amendment claim. Toguchi, 391 F.3d at 1058.

### Defendant Conanan

Plaintiff alleges that he was evaluated by Defendant Conanan on March 9, 2012. At that time, Defendant Conanan refused to return Plaintiff's cane or medication. According to Plaintiff's exhibits, Defendant Conanan evaluated Plaintiff and documented chronic low back pain with questionable physical examination findings. Defendant Conanan advised Plaintiff that he would not reinstate Plaintiff's cane or medication, but advised Plaintiff to take Tylenol as needed. Neither Plaintiff's disagreement with Defendant Conanan's treatment nor any negligence by Defendant Conanan in diagnosing Plaintiff's condition amounts to deliberate indifference. Toguchi, 391 F.3d at 1057-58, 1060.

### Defendant Chapnick

Plaintiff alleges that Defendant Chapnick wrongfully denied his appeal and failed to properly review his medical records. According to Plaintiff's exhibits, Defendant Chapnick denied Plaintiff's appeal at the second level following an examination and interview by Defendant Seigrist and an examination by Defendant Conanan. (ECF No. 18, pp. 35-36.) Neither Defendant Seigrist nor Defendant Conanan found that Plaintiff required a cane or medication. Defendant Chapnick's decision to deny Plaintiff's appeal based on the findings of Defendants Seigrist and Conanan does not amount to deliberate indifference to serious medical needs. Defendant Chapnick did not know of and disregard a serious medical need. Toguchi, 391 F.3d at 1057 (prison official acts with deliberate indifference only if the official knows of and disregards an excessive risk to inmate health and safety).

<u>Defendant Zamora</u>

Plaintiff alleges that Defendant Zamora improperly denied his appeal at the third level of review and failed to review his medical files. According to exhibits attached to the amended complaint, Defendant Zamora reviewed Plaintiff's medical records, including his primary care provider's determination that his medication and cane were not medically indicated. (ECF No. 18, pp. 37-38.) Defendant Zamora's decision to deny Plaintiff's appeal based on recent medical findings does not amount to deliberate indifference to serious medical needs. <u>Toguchi</u>, 391 F.3d at 1057.

### E. Eighth Amendment – Excessive Force

Plaintiff appears to assert an excessive force claim against Defendant Green arising from an examination in which Defendant Green pushed Plaintiff's left leg to his chest.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue...." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992 ). "The objective component of an Eighth Amendment claim is ... contextual and responsive to contemporary standards of decency." <u>Id.</u> (internal quotation marks and citations omitted). The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. <u>Id.</u> at 9; <u>see</u> <u>also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries). However, "[t]he Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." <u>Hudson</u>, 503 U.S. at 9–10 (internal quotations marks and citations omitted).

Here, Plaintiff has alleged only a de minimis use of physical force in the context of a medical examination. This is not sufficient to state a claim for excessive force in violation of the Eighth Amendment.

///

///

**IV.     Conclusion and Order**

Plaintiff's first amended complaint fails to state a cognizable claim against any of the defendants.  Although Plaintiff was provided with the relevant pleading and legal standards, he was unable to cure the deficiencies identified by the Court.  As such, further leave to amend shall not be granted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, it is HEREBY ORDERED that this action is DISMISSED based on Plaintiff's failure to state a cognizable section 1983 claim.  This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:   **May 21, 2014**              /s/ *Barbara A. McAuliffe*
                                                         UNITED STATES MAGISTRATE JUDGE